Nos. 21-15695 & 22-15523

# IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

DANIEL GONZALEZ,

*Plaintiff-Appellant*,

v.

DEPARTMENT (BUREAU) OF REAL ESTATE ET AL.,

*Defendants-Appellees*.

DANIEL GONZALEZ,

*Plaintiff-Appellant*,

v.

DEPARTMENT (BUREAU) OF REAL ESTATE ET AL.,

*Defendants-Appellees*.

## APPELLANT'S MOTION TO CONSOLIDATE APPEALS

Appellant, Daniel Gonzalez, respectfully moves this Court, in accordance with Fed. R. App. P. 3(b)(2), to consolidate the two closely-related cases of *Daniel Gonzalez v. Department (Bureau) of Real Estate, et al*. (Case No. 21-15695) and *Daniel Gonzalez v. Department (Bureau) of Real Estate, et al*. (Case No. 22-15523) currently docketed separately before the Court. Appellant is contemporaneous filing the same motion in *Gonzalez v. Department (Bureau) of Real Estate et al.,* Case No. 22-15523. The facts alleged in the complaints and post-judgment motions flow together

into one general narrative and a determination as to the legal and factual issues in one action may prove probative in determining the outcome of the legal and factual disputes in the other action.

## PROCEDURAL BACKGROUND

The appeal in *Gonzalez v. Department of Real Estate* (Case No. 21-15695) (the "*Department of Real Estate-I*" action), entered on the Court's docket on April 22, 2021. Appellant filed this appeal *pro se*, later retained counsel who failed to properly prepare the record and issues, and withdrew on October 13, 2021. Appellant has since returned *pro se*. Currently, the Court has extended the time for Appellant to file an opening brief to August 12, 2022. [Docket No. 27, Case No. 21-15695] In the matter of *Gonzalez v. Department of Real Estate* (Case No. 22-15523) (the "*Department of Real Estate-II*" action), the case was docketed on April 11, 2022. Appellant's opening brief was due on June 13, 2022; however a Referral Order was issued to the district court on May 31, 2022. The district court did not respond, leaving Appellant confused. On June 9, 2022, Appellant intended to seek an extension of time for briefing in the *Department of Real Estate-II* action (Case No. 22-15523), but mistakenly filed the motion in the incorrect appeal of the *Department of Real Estate-I* action. [Docket No. 26, Case No. 21-15695] Due to the two confusing briefing schedules, however, Appellant missed filing an opening brief in the *Department of Real Estate-II* action (Case No. 22-15523). The *Department of Real Estate-II* action (Case No. 22-15523) was ordered dismissed on July 21, 2022. [Docket No. 3, Case No. No. 22-15523] Due to the clerk's delayed mailing,

Appellant did not receive the dismissal order until August 1, 2022, and has not been afforded the full 21 days' notice before the dismissal becomes final. Additionally, while action (Case No. 22-15523) was dismissed, Appellant was medically compromised between July 22 and August 1, 2022. In a separate appeal *Gonzalez v. United States* (Case No. 19-16935), Appellant requested an extension for the same medical reason on August 1, 2022. [Docket No. 94, Case No. 19-16935] This Court granted the extension of time on August 9, 2022. [Docket No. 95, Case No. 19-16935] It is unknown if Counsel for the Appellees in both *Department of Real Estate* matters has any objection to consolidation.

## **THE CLEARLY ESTABLISHED LAW SINCE 1945**

A State violates due process if it fails to determine liability before taking a license and depriving a person of their livelihood. *Willner v. Committee on Character*, 373 U. S. 96, 373 U. S. 104, 106-107 (1963); see also, *Bell v. Burson*, 402 U.S. 535, 541 (1971), ["Since the statutory scheme makes liability an important factor in the State's determination to deprive an individual of his licenses, the State may not, consistently with due process, eliminate consideration of that factor in its prior hearing."]

In 1945, California conformed to the Federal Administrative Procedures Act and enacted Business & Professions Code section 10177.5. Through section 10177.5, the California Legislature changed the Real Estate Law and clearly established that the operative facts in a prior civil judgment control the basis for suspending or revoking a real estate license. *Richards v. Gordon*, 254 Cal.App.2d 735, 741-42 (Cal. Ct. App. 1967. In 1977, the California Supreme Court also changed the burden of proof for civil fraud

to preponderance of evidence. (*Liodas v. Sahadi (1977) 19 Cal.3d 278, 286-293 [137 Cal.Rptr. 635, 562 P.2d 316*] [expressly disapproving prior case law requiring proof by clear and convincing evidence]. Contrary to these clearly established laws, the Department of Real Estate defendants, with deliberate indifference suborned perjury and withheld exculpatory court records from the accusation and revocation, thus depriving Plaintiff of the due process and equal protection of the laws before taking his real estate license. *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir.2001) (en banc)

## FACTUAL BACKGROUND

Appellant is a veteran of the U.S. military and was a real estate broker licensed with the California Department of Real Estate. Appellant suffered injuries in a car accident in July 2009, experienced failed medical care from a Veterans Administration medical center, which led to his pain and suffering and interfered with his ability to work. On June 15, 2010, Appellant successfully defended a civil action during a 3-day *de novo* trial where the California superior court found he had no broker fault or liability in representing both the buyer and sellers in a failed real estate transaction. [*Stepanyan v Lowry, Gonzalez,* Sacramento Superior Court, Case Nos. 09SC07833 and 09SC07834, consolidated] Stepanyan filed no appeal and the civil judgment became final on September 15, 2010.

On November 24, 2015, Appellant filed suit *pros se* against the California Department of Real Estate (styled the "Department (Bureau) of Real Estate, A California State Agency" in his complaint), among other defendants. The *Department of Real Estate-DRE I* action (Case No. 21-15695) was filed in the U.S.

District Court for the Eastern District of California. Plaintiff's complaint in this action alleged violations of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act, withheld exculpatory court records, suborned perjury, among other causes of action, and essentially argues that the Department of Real Estate revoked his license unconstitutionally while he was disabled and inactive as a result of injuries he sustained in the car accident and the VA's alleged medical malpractice. The *Department of Real Estate-DRE I* action (Case No. 21-15695) terminated on March 18, 2021, when the district judge adopted the Findings and Recommendations of the magistrate judge assigned to the case dismissing the action with prejudice pursuant to Rule 37(b)(2) and Rule 41(b) of the Federal Rules of Civil Procedure. The record indicates that Appellant timely moved for a protective order as it was legally impossible to comply both with a pending court ordered deadline to file opposition and fully attend, on the same date, a deposition defectively noticed and served.

The *Department of Real Estate-DRE II* action (Case No. 22-15523) terminated on March 10, 2022, when the district judge jointly denied Plaintiff's motion for an indicative ruling but failed to address Plaintiff's motion filed under Rule 59 and Rule 60 to set aside the dismissal judgment. Plaintiff filed a notice of appeal on April 7, 2022.

## DISCUSSION

**A. The cases should be consolidated because the *Department of Real Estate* actions are factually linked and involve related constitutional and factual issues decided by the court below.**

In the interest of judicial economy, confusion, and to avoid unnecessary duplication of effort and expenditure of time and resources for all of the parties,

Appellant respectfully requests that the Court consolidate the aforementioned cases currently on appeal. Rule 3 of the Federal Rules of Appellate Procedure states:

>   (1) When two or more parties are entitled to appeal from a district-court judgment or order, and their interests make joinder practicable, they may file a joint notice of appeal. They may then proceed on appeal as a single appellant;
>
>   (2) When the parties have filed separate timely notices of appeal, the appeals may be joined or consolidated by the court of appeals.

Fed. R. App. P. 3(b)(1)-(2).

"Consolidation under Federal Rule of Appellate Procedure 3(b) may be ordered where the court in its discretion deems it appropriate and in the interests of justice" so long as "each of the matters to be consolidated [are] within the jurisdiction of the court." *United States v. State of Wash.*, 573 F.2d 1121, 1123 (9th Cir. 1978). The Second Circuit has also taken a similar position. "[I]n assessing whether consolidation is appropriate in given circumstances, a court should consider both equity and judicial economy." *Chem One, Ltd. v. M/V RICKMERS GENOA*, 660 F.3d 626, 642 (2d Cir. 2011) (quoting *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999) (internal quotation marks omitted). In exercising this discretion, the Court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984). The overarching principle is that "typically, consolidation is favored." *In re Oreck Corp. Halo Vacuum & Air Purifiers Mktg. & Sales Practices Litig.*, 282 F.R.D. 486, 490 (C.D. Cal. 2012)

In this case, Appellant filed one lawsuit, with two appeals before this Court,

as a *pro se* litigant seeking relief based on a related set of facts. In the *Department of Real Estate DRE-I* action (Case No. 21-15695), he alleges that the Department and other defendants discriminated against him in retaliation on the basis of his disability, and unconstitutionally revoked and withheld his real estate license. In the *Department of Real Estate DRE-II* action (Case No. 22-15523), he alleges that the district court erroneously denied an indicative ruling to augment the record on substantive issues on appeal, and did not procedurally address a Rule 59 and Rule 60 motion to set aside the dismissal judgment by recommitting the case to the magistrate judge to augment the record. A determination as to whether Appellant presented a material issue of fact on equal protection of the law, or procedural and substantive due process in the post-deprivation of his real estate license after receiving a *no liability* adjudication by a California superior court creates basis for imposing an equitable or judicial estoppel under *Willner, supra,* at 104, 106-107, and *Bell v. Burson*, supra, at 541. The revocation of Plaintiff's real estate license is a clear violation in the application and enforcement of the Real Estate Law expressed in B & P section 10177.5. *Fourteenth Amendment*

    **B.    A factual determination of the issues in one action would be probative as to the factual issues in the second action.**

A determination in these *Department of Real Estate* actions may serve as a guide in determining whether the Department revoked his real estate license for any action or inaction that occurred before or after the disability. Likewise, if the court augments the appeals based on the evidence presented at trial in the discovery and 2010 civil trial and civil judgment, it could show a retaliatory motive based in animus

that caused the unconstitutional procedure of the revocation of his real estate broker license which underlies the dismissal judgment – the key claim at issue in the *Department of Real Estate* actions. The two actions are also related to the extent that Appellant's legal and factual issues and references in the *DRE-I and DRE-II* actions are closely-related and interdependent to recover the loss of his real estate license due to the procedural and substantive APA administrative violations while disabled.

To the extent the Court is inclined to find that there is not a sufficient factual relationship between the cases, the record below does not indicate that there are contrary interests or inconsistent positions taken in the two cases that would create confusion as to the questions of law in the appeals.

Rule 3 was drafted to "encourage consolidation of appeals whenever feasible." *See* Fed. R. App. P. 3(b), Adv. Cmte. Notes (1967). Joinder need only be "practicable" under Rule 3, and the factual relationship between the cases more than meets that low standard. Judicial economy also favors the consolidation of the cases. The litigation in each case for more than four years. It benefits the Appellant, all of the parties, and the district courts for this Court to resolve the issues in both cases with finality. Consolidation of the appeals before this Court provides the parties with the opportunity to do just that.

## **CONCLUSION**

For the foregoing reasons, Appellant respectfully requests that this Court consolidate the appeals in *Daniel Gonzalez v. Department (Bureau) of Real Estate, et al*. (Ninth Circuit Case No. 21-15695) and *Daniel Gonzalez v. Department*

*(Bureau) of Real Estate, et al*. (Ninth Circuit Case No. 22-15523).

Dated: August 11, 2022.

## DECLARATION OF APPELLANT DANIEL GONZALEZ
## PER FRAP 31-2.2(b)(1)-(7) IN SUPPORT OF MOTION

I, Daniel Gonzalez, declare:

1. I am the plaintiff and appellant in this action. The information and facts stated in this motion are based on my personal beliefs and understanding to be true to the best of my recall. I could and would testify to the matters herein stated if called to do so. I respectfully motion for consolidation of the appeals *Daniel Gonzalez v. Department (Bureau) of Real Estate, et al*. (Ninth Circuit Case No. 21-15695) and *Daniel Gonzalez v. Department (Bureau) of Real Estate, et al*. (Ninth Circuit Case No. 22-15523).

2. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on August 11, 2022.

                                                                                    By: <u>*Daniel E. Gonzalez*</u>
                                                                                    **DANIEL E. GONZALEZ**
                                                                                    P.O. Box 847
                                                                                    Pleasanton, CA 94566
                                                                                    Telephone (916) 247-6886
                                                                                    Plaintiff, Pro Se

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 12, 2022, I electronically filed the foregoing "Motion to Consolidate Appeals" with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

By: *Daniel E. Gonzalez*
DANIEL E. GONZALEZ
Pro Se