No. 21-15696

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

DANIEL GONZALEZ,

*Plaintiff-Appellant,*

v.

DEPARTMENT (BUREAU) OF REAL ESTATE, JEFF DAVI, TRUDY SUGHRUE, KYLE JONES, TRICIA SOMMERS, ET AL.,

*Defendants-Appellees.*

## APPELLANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION TO THE MOTION TO DISMISS THIS APPEAL

**DANIEL E. GONZALEZ**
PO. Box 847
Pleasanton, CA 94566
Telephone (916) 247-6886
dgonzie@gmail.com
Appellant/Plaintiff
Pro Se

Appellant Daniel Gonzalez, in pro per, respectfully requests that pursuant to Rule 201 of the Federal Rules of Evidence and the inherent equitable authority of the federal courts of appeals, judicial notice of this Court be taken of the following exhibits:

1. Application for Extension of Time to File a Writ of Certiorari to the Supreme Court of the United States, dated November 10, 2022, regarding the Ninth Circuit Court of Appeals Case No. 21-15696 and Case No. 22-15523, entitled *Daniel Gonzalez v Department of Real Estate, Jeff Davi, et al.*

2. Letter, Clerk of the Supreme Court of the United States, dated November 17, 2022, regarding the Ninth Circuit Court of Appeals Case No. 21-15696 and Case No. 22-15523, entitled *Daniel Gonzalez v Department of Real Estate, Jeff Davi, et al.*

Dated: January 16, 2023.

By: *Daniel E. Gonzalez*
**DANIEL E. GONZALEZ**

**DECLARATION OF APPELLANT DANIEL GONZALEZ
PER FRAP 31-2.2(b)(1)-(7) IN SUPPORT OF REQUEST
FOR JUDICIAL NOTICE**

I, Daniel Gonzalez, declare:

1. I am the plaintiff and appellant in this action. The information and facts stated in this declaration are based on my personal beliefs and understanding to be true to the best of my recall.

2. I respectfully request the Court take judicial notice of the facts, statements, and issues contained in the "Application for Extension of Time to File a Writ of Certiorari" to the Supreme Court of the United States, attached as Exhibit No.

1.

3.     I respectfully request that the Court take judicial notice of the contents in the letter from the Clerk of the Supreme Court of the United States to me, attached as Exhibit No. 2.

4.     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on January 16, 2023.

By: *Daniel E. Gonzalez*

**DANIEL E. GONZALEZ**

P.O. Box 847
Pleasanton, CA 94566
Telephone (916) 247-6886
Plaintiff, Pro Se

**CERTIFICATE OF SERVICE**

I hereby certify that on January 17, 2023, I electronically filed the foregoing "Appellant's Request for Judicial Notice ISO Opposition To The Motion To Dismiss This Appeal" with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

*Daniel Gonzalez*
DANIEL E. GONZALEZ
Pro Se

# EXHIBIT 1

# In The Supreme Court Of The United States

## No. _____

DANIEL GONZALEZ,

*Plaintiff-Appellant,*

v.

DEPARTMENT (BUREAU) OF REAL
ESTATE, JEFF DAVI, TRUDY SUGHRUE,
WAYNE BELL, KYLE JONES, TRICIA
SOMMERS, WILLIAM MORAN, JOHN VAN
DRIEL, ET AL.,

*Defendants-Appellees.*

_____

## APPLICATION FOR EXTENSION OF TIME
## TO FILE PETITION FOR WRIT OF CERTIORARI
_____

To the Honorable Associate Justice, Elena Kagan, of the Supreme
Court of the United States,

The jurisdiction of this Court is invoked under 28 USC Section
1257(a). Under Supreme Court Rule 30, Petitioner Daniel E.
Gonzalez requests a 60-day extension to file his Petition for Writ of
Certiorari.  Attached are copies of the motions to reinstate appeal,

obtain a missing reporter transcript, and for consolidation. This application is submitted prior to November 14, 2022, the purported date when to file a Petition for Writ of Certiorari expires.

**Summary of Pending Issues.**

There are important fundamental issues of Due Process, Equal Protection, Administrative Proceeding Act, California Legislative Intent, and Civil Rights conflict of law questions that were determined adversely by the state and federal courts below. *City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 446-449 (1985),* citing *Palmore v. Sidoti,* 466 U.S. 429 (1984). These lower court determinations are contrary to clearly established precedence. *Willner v. Committee on Character*, 373 U. S. 96, 104, 106-107 (1963); *Bell v Burson*, 402 U.S. 535, 542 (1971) and *Barry v. Barchi*, 443 U. S. 55 (1979).

One issue raised below concerns unconstitutional animus, i.e., the law cannot give effect to private biases. *Nat'l Council of La Raza v. Cegavske*, 800 F.3d 1032, 1045 (9th Cir.2015). On appeal is the district court dismissal of Petitioner's section 1983 action, over his timely objections and motion for protective order, by abetting the

government defendants violate statutory deposition notice requirements. See, Federal Rules of Civil Procedure 32(a)(5)(A) [A deposition must not be used against a party who, having received less than 14 days' notice of the deposition, promptly moved for a protective order]; Rule 32(b) [timely objection]; see also, *R&R Sails, Inc. v. Ins. Co. of Pennsylvania*, 673 F.3d 1240 (9th Cir. 2012) [a district court's exclusion of evidence pursuant to Rule 37 was improper because the court failed to consider lesser sanctions were a viable option.]

## The California Real Estate Law Clearly Established

The government defendants violated Petitioner's equal protection and due process rights prohibited in California Real Estate Law clearly established since 1945. See, California Business & Professions Code §10177.5. Section 10177.5 statutorily confines the subject matter jurisdiction of the real estate commissioner to conform with the Federal Administrative Procedures Act. Specifically, section 10177.5 permits that after a prior civil judgment finds a license acted in fraud, dishonesty, or misrepresentation, the California real estate commissioner may take disciplinary action

concerning the same subject matter only if the Department uses *the same operative facts* and *conclusion of law* by a California court.

## Petitioner's Standing As A Member of a Protected Class.

Petitioner is a member of a protected class of minorities: a Puerto Rican born in New York, and honorably discharged service-connected Vietnam-Era veteran. Petitioner was also a licensed real estate broker without any prior disciplinary action, residing and working professionally in the State of California from 2005-2010.

## Summary of the California proceedings below.

Between June 2009 and September 2009, Petitioner acted as a licensed real estate broker for buyer Narine Stepanyan (Stepanyan) and sellers Angela and Victor Lowry in one failed real estate property transaction. After participating in a May 2010 trial over 5 days, Petitioner was professionally inactive due to motor vehicle accident injuries and recovering at his residence from June 2010 to December 2010.

On June 14, 2010, the Sacramento Superior Court rendered a Trial De Novo civil judgment in which Petitioner was named as the real estate broker defendant. The Sacramento trial court concluded

that Petitioner had *no fault* and *no liability* of negligence, incompetence, fraud, non-disclosure, misrepresentation, or dishonesty. See, Sacramento Superior Court, *Stepanyan v Gonzalez, Lowrys*, consolidated cases no. 09SC07833 & 09SC07834.

On June 15, 2010, the Department of Real Estate received electronic notification of the Trial De Novo civil judgment. Stepanyan did not appeal the final civil judgment.

The government defendants named above, all Caucasians, agreed to conspire with Stepanyan by withholding the exculpatory prior Trial De Novo civil judgment from the Department's administrative record. Thus, while the government defendants knew of Petitioner's disability, professional inactivity, and evaded contacting his attorney, they drafted and filed a knowingly false accusation causing a default revocation of Petitioner's real estate broker license in December 2010. *Jones v. Flowers, et al.*, 547 U.S. 220, 234-236.

Since December 2010, the government defendants' and Department default revocation order published that Petitioner has acted incompetent, negligent, fraudulent, dishonest, and falsely to

Narine Stepanyan, *all the same claims decided in Petitioner's favor from the prior Trial De Novo civil judgment entered in June 2010.*

On January 31, 2011, after discovery of the revocation seven (7) days earlier, Petitioner filed through his then attorney a motion to the Department of Real Estate for an evidentiary hearing and dismissal of the default license revocation, including personal service of the prior civil judgment. California Government Code 11520(c)(1) and 11520(c)(2). Despite being served with the prior civil judgment of no licensee fault or liability, the federally named defendants continued to refuse dismissing the default license revocation. Through his attorney, Petitioner sought writ of mandamus relief raising violations of Equal Protection and Due Process violations. The California superior court and regional appellate court completely disregarded the legislative intent of Business & Professions Code §10177.5, refused to dismiss the default revocation, or comport with California legal precedence. *Richards v. Gordon*, 254 Cal.App.2d 735, 741-42 (Cal. Ct. App. 1967; *Liodas v. Sahadi (1977) 19 Cal.3d 278, 286-293* [expressly disapproving prior case law requiring proof by clear and convincing evidence in proving fraud].

## **Summary of the District Court and Ninth Circuit proceedings below.**

In November 2015, Petitioner filed his federal action after the Department of Real Estate disclosed in April 2015 that the government defendants had fraudulently withheld the operative facts from the Trial De Novo civil judgment extrinsic from the administrative proceedings below. After presenting several times the legislative intent and judicial application of California Business & Professions Code 10177.5 to the district court, providing over 500 pages of discovery responses, and testifying at 3 separate depositions, the magistrate judge dismissed Petitioner's action as a terminating sanction in March 2021. Petitioner timely appealed in April 2021. Petitioner subsequently filed a timely Rule 59 and Rule 60 motion to alter or amend judgment which was denied March 2022. The denial of that subsequent motion was appealed in April 2022.

In June 2022, after the district court failed to respond to a Referral Order from the Ninth Circuit, Petitioner filed for an extension of time with the intent of obtaining a missing reporter's hearing transcript. Inadvertently, Petitioner had placed the

incorrect appeal number of *Daniel Gonzalez v. Department (Bureau) of Real Estate, et al.* (Case No. 21-15695), rather than the correct appeal number from *Daniel Gonzalez v. Department (Bureau) of Real Estate et al.,* Case No. 22-15523.    On July 21, 2022, the Ninth Circuit clerk dismissed the second appeal with Case No. 22-15523.   However, the Ninth Circuit clerk did not mail the dismissal order until July 26, 2022.  Due to a prior medical incapacity from surgery, Petitioner did not receive notice of the dismissal until August 1, 2022.

Between August 2 and August 12, 2022, Petitioner submitted to the Ninth Circuit Court of Appeals the following: (1) a pending Motion to Reinstate Appeal After a FRAP 42-1 Dismissal for a clerical mistake, inadvertence, or excusable neglect in Ninth Circuit case no. 22-15523; (2) a pending Motion to Vacate Briefing Schedule Due to Missing Reporter's Transcript; and (3) two pending Motions for Consolidation of Appeals in *Daniel Gonzalez v. Department (Bureau) of Real Estate, et al.* (Case No. 21-15695) and *Gonzalez v. Department (Bureau) of Real Estate et al.,* Case No. 22-15523.  To date, the Ninth Circuit has failed or refused to make any determination of Petitioner's pending motions in its appellate record below.

**<u>"Good Cause" Affidavit for an extension of time.</u>**

I respectfully request the Court grant an extension of time of sixty (60) days to permit sufficient time for the Ninth Circuit to decide whether it will grant declaratory and injunctive relief from the clerical dismissal due to inadvertence, consolidate the appeals, and permit the perfecting of the appellate record by ordering production of the reporter's hearing transcript from January 2019.

"Good cause" basis exists for requesting this extension of time as the Ninth Circuit has not taken any declaratory or injunctive relief action on all three pending motions. The government defendants have violated clearly established California Real Estate Law in a fraudulent manner against Petitioner's First, Fourth, Fifth, Ninth and Fourteenth Amendment rights.

I believe no prejudice can be attributable on the government defendants for their fraudulent actions and misconduct. I respectfully request the extension grant. As I lack the adequate legal training or resources, it will also take me longer to prepare a competent Petition than if an attorney represents me. For these

reasons, I respectfully request an extension until on or after January

12, 2023.

I declare under the penalty of perjury governed by the laws of the

State of California that the foregoing is true and correct.  Executed

on November 9, 2022.

Respectfully submitted,

By: *Daniel E. Gonzalez*
**DANIEL E. GONZALEZ**
P.O. Box 847
Pleasanton, CA 94566
Telephone (916) 247-6886
Petitioner, Pro Se

Attached:  Certificate of Service, copies of the Motion to Reinstate
Appeal After a FRAP 42-1 Dismissal; Motion to Vacate Briefing
Schedule; and Motions for Consolidation of Appeals.

### <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 10, 2022, I electronically filed the

foregoing with the Clerk of the Court for the United States Court of Appeals

for the Ninth Circuit by using the appellate CM/ECF system.  Participants in

the case who are registered CM/ECF users will be served by the appellate

CM/ECF system.

By: *Daniel E. Gonzalez*
DANIEL E. GONZALEZ
Pro Se

# EXHIBIT 2

**SUPREME COURT OF THE UNITED STATES**
**OFFICE OF THE CLERK**
**WASHINGTON, DC 20543-0001**

November 17, 2022

Daniel Gonzalez
PO Box 847
Pleasanton, CA 94566

RE: Gonzalez v. Dept. (Bureau) of Real Estate, et al.

Dear Mr. Gonzalez:

The application for an extension of time within which to file a petition for a writ of certiorari in the above-entitled case was postmarked November 10, 2022 and received November 15, 2022. The application is returned for the following reason(s):

The lower court opinion must be appended . Rule 13.5.

It is impossible to determine the timeliness of your application for an extension of time without the lower court opinions.

A copy of the corrected application must be served on opposing counsel.

Sincerely,
Scott S. Harris, Clerk
By:

Clayton R. Higgins, Jr.
(202) 479-3019

Enclosures