Daniel Gonzalez                                            via Certified Mail
P.O. Box 847
Pleasanton, CA 94566
(916) 247-6886

July 13, 2023

Office of the Clerk
Ninth Circuit Court of Appeals
The James R. Browning Courthouse
95 7th Street,
San Francisco, CA 94103

RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUL 17 2023

FILED
DOCKETED
DATE    INITIAL

Re: Motion to Correct Court Record
    Notice of Compliance Electronically Filed But Missing From Court Record
    *Gonzalez v Department of Real Estate, Davi, et al.*, Consolidated No. 21-15696 & 22-15523

Dear Clerk:

This letter moves the Court in correcting its record in the above consolidated cases pursuant to the attached Motion to Correct the Court Record (Attachment #1).

On June 29, 2023, I electronically uploaded a "Notice of Compliance with the Court Order issued on June 14, 2023" (Attachment #2) and received confirmation. Since uploading the "Notice of Compliance" there is no record of the pleading filed in the consolidated appeals record.

I request that the Clerk of this Court immediately scan and upload my "Notice of Compliance" in its entirety to both appellate records showing the date of June 29, 2023.

Thank you for your immediate attention.

Sincerely,

*[signature]*
Daniel Gonzalez

Attachment: Motion to Correct the Court Record; Notice of Compliance with the Court Order issued on June 14, 2023.

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

**Form 27. Motion for** | Correction of the Court Record

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form27instructions.pdf

**9th Cir. Case Number(s)** | 21-15696 consolidated with 22-15523

**Case Name** | Gonzalez v Department of Real Estate, Davi, Bell, Sughrue, et al

**Lower Court or Agency Case Number** | 2:15-cv-02448

**What is your name?** | Daniel Gonzalez

1. **What** do you want the court to do?

   The clerk should correct the court docket and file appellant's "Notice of Compliance" submitted electronically through the Court's pro per portal on June 29, 2023.

2. **Why** should the court do this? Be specific. Include all relevant facts and law that would persuade the court to grant your request. *(Attach additional pages as necessary. Your motion may not be longer than 20 pages.)*

   On 6/14/2023, the Court ordered a motion to the district court for missing transcripts at government expense. On 6/29/2023, appellant complied and also filed electronically a "Notice of Compliance" to this Court. The "Notice of Compliance" is missing from the court record. The motion to the district court exposes unlawful and purposeful discrimination since June 15, 2010. A letter to the clerk with a hard copy of the "Notice of Compliance" in its entirety is being mailed certified.

Your mailing address:

P.O. Box 847

City | Pleasanton     State | CA    Zip Code | 94566

Prisoner Inmate or A Number (if applicable) |

**Signature** | Daniel Gonzalez     **Date** | Jul 13, 2023

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

Form 27            Attachment #1            New 12/01/2018

# 21-15696 & 22-15523
# Consolidated

# IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

DANIEL E. GONZALEZ,

        Plaintiff and Appellant,

v.

JEFF DAVI, Commissioner of the Department of Real Estate, et al.,

        Defendants and Appellees.

and

JPMORGAN CHASE BANK, N.A., as successor by merger to Chase Home Finance, LLC; et al.,

        Defendants.

United States Eastern District of California No. 15-cv-02448

Magistrate Judge Kenneth L. Newman

The Honorable Troy L. Nunley, District Judge

## NOTICE OF COMPLIANCE WITH ORDER OF JUNE 14, 2023

        **DANIEL E. GONZALEZ**
        PO. Box 847
        Pleasanton, CA 94566
        Telephone (916) 247-6886
        dgonzie@gmail.com
        Appellant/Plaintiff
        Pro Se

1 | Page

*Attachment #2*

This Notice of Compliance was prepared for Appellant Daniel Gonzalez by a third-party as he continues recovery from surgery on April 18, 2023. (See, Declaration of Daniel Gonzalez, ¶2).

On June 14, 2023, the Court's panel (Justices Candy, M. Smith, & Bress) issued an order in these consolidated appeals directing Appellant to file a motion for additional transcripts to the district court paid at the government's expense. [Dkt. No. 41] In addition, the panel ordered the briefing stayed pending resolution of the pending motion to appoint pro bono counsel. [*Id.*]

On June 26, 2023, Appellant complied with the panel's order and filed a motion to the district court. (See, Gonzalez Decl., ¶3, and Exhibit #1, copy of motion for transcripts at government expense, CAED No. 2:15-cv-02448)

Should the district court does not order the government to pay for the missing transcripts by July 14, 2023, Appellant renews the request for declaratory and injunctive relief by virtue of the doctrine of res judicata, equitable estoppel, and judicial estoppel as requested repeatedly in the district court record.

June 29, 2023,

**DANIEL E. GONZALEZ**
PO. Box 847
Pleasanton, CA 94566
Telephone (916) 247-6886
dgonzie@gmail.com
Appellant/Plaintiff
Pro Se

# DECLARATION OF APPELLANT DANIEL GONZALEZ
# PER FRAP 31-2.2(b)(1)-(7) IN SUPPORT OF NOTICE

I, Daniel Gonzalez, declare:

1. I am the plaintiff and appellant in these consolidated actions.

2. My present incapacity to use my hands functionally has continued post-surgery and required third-party assistance to present this Notice of Compliance with the court order of June 14, 2023, and declaration.

3. On June 26, 2023, I complied with the panel's order and filed a motion to the district court. Exhibit #1 contains a copy of the noticed motion for production of transcripts at government expense,

4. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed in the County of Alameda on June 29, 2023.

By: *Daniel E. Gonzalez*
**DANIEL E. GONZALEZ**
P.O. Box 847
Pleasanton, CA 94566
Telephone (916) 247-6886
Plaintiff, Pro Se

# EXHIBIT 1

Daniel E. Gonzalez
P.O. Box 847
Pleasanton CA 94566

Plaintiff, In Pro Se

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA
## (SACRAMENTO)

| | |
|---|---|
| DANIEL GONZALEZ,<br><br>    Plaintiff-Appellant,<br><br>v.<br><br>DEPARTMENT(BUREAU)OF REAL EST ATE, A California State Agency; et al.,<br><br>    Defendants-Appellees,<br>And<br><br>JPMORGAN CHASE BANK, N.A., as successor by merger to Chase Home Finance, LLC; et al.,<br><br>    Defendants. | Ninth Circuit Court of Appeals,<br>Consolidated Appellate No. 21-15696 & 22-15523<br><br>Eastern California, D.C. No. 2:15-cv-02448-TLN-KJN<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PAYMENT OF TRANSCRIPTS PURSUANT TO 28 U.S.C. § 753(f); DECLARATION IN SUPPORT THEREON**<br><br>Hearing: None<br>Time: None<br>Courtroom 2, 15th Floor<br>Hon. Troy L. Nunley |

PLEASE TAKE NOTICE that Plaintiff DANIEL E. GONZALEZ will and does move this court for payment of several reporter transcripts at the State Government's expense in accordance with the Order from the Ninth Circuit Court of Appeals panel dated June 14, 2023. A copy of the most recent appellate order is attached as Exhibit A. Plaintiff seeks the reporter transcripts for **2/3/2017, 9/7/2017, and 2/21/2019**. A copy of the file-stamped request for the missing reporter transcripts of 2/3/2017, 9/7/2017, and 2/21/2019 is attached as Exhibit B.

No hearing has been requested on this motion pending further court order.

## DISCUSSION

### A. Legal Standard

NOTICE AND MOTION FOR PAYMENT OF TRANSCRIPTS PER 28 U.S.C. § 753(f)

1

A litigant who has been granted leave to proceed in forma pauperis on appeal may move to have transcripts produced at government expense. 28 U.S.C. § 753(f); *McKinney v. Anderson*, 924 F.2d 1500, 1511-12 (9th Cir. 1991) (production of transcript at government expense for in forma pauperis appellant in civil case proper if trial judge certifies "that the appeal is not frivolous and presents a substantial question"), overruled on other grounds by *Heller v. McKinney*, 502 U.S. 903, 112 S.Ct. 291, 116 L.Ed.2d 236 (1991). There are two statutes to consider in connection with such a request. See e.g., *Morgan v. Doran*, 2007 WL 1080580, *1-2 (April 4, 2007, E.D. Cal.). First, 28 U.S.C. § 1915(c) defines the limited circumstances under which the court can direct the government to pay for transcripts for a litigant proceeding in forma pauperis.

> (c) Upon the filing of an affidavit in accordance with subsections (a) and (b) and the prepayment of any partial filing fee as may be required under subsection (b), the court may direct payment by the United States of the expenses of (1) printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court.... Such expenses shall be paid when authorized by the Director of the Administrative Office of the United States Courts. 28 U.S.C. § 1915(c).

Second, 28 U.S.C. § 753(f) allows the court to order the government to pay for transcripts only if "the trial judge or a circuit judge certifies that the appeal is not frivolous and the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. § 753(f). A request for a transcript at government expense should not be granted unless the appeal presents a "substantial question." *Henderson v. United States*, 734 F.2d 483, 484 (9th Cir.1984). A substantial question exists where the issue before the court of appeals "is reasonably debatable." *Washburn v. Fagan*, 2007 WL 2043854, *2 (July 12, 2007, N.D. Cal.) (citations and internal quotations omitted). If there is any doubt as to the merits, the issue of providing a transcript at government expense should be resolved in favor of the appellant. *Id.*

**B. Application of the Law to the Facts of the Case**

Plaintiff, a disabled veteran, commenced this action after exhausting all state remedies for unconstitutional retaliation, corruption, and discrimination in the unlawful taking of his professional license depriving "life, liberty, and the pursuit of happiness." As a Latino (Puerto Rican) real estate broker during 2005-2010 with no prior agency complaints, Plaintiff successfully defended himself in a 2010 state civil court trial in which would-be buyer, Narine Stepanyan, claimed fiduciary and agency fraud, deceit, negligence, and

misrepresentation. On June 14, 2010, the California superior court rendered a civil judgment concluding that solely Stepanyan breached the completion of the real estate sale **"without legal excuse."** (See, Docket No. 38, RJN at Exhibit 1, Trial De Novo Civil Judgment, Sacramento County Superior Court, Consolidated Case No. 09SC07833 and No. 09SC07834. The California civil court found **no fault** and **no liability** against Plaintiff acting as a real estate broker. (Emphasis added) **The California Department of Real Estate received electronic notice of the civil judgment on June 15, 2010**. (Emphasis added)

Thereafter, while Plaintiff was receiving care at a VA facility from auto accident injuries suffered in July 2009, the Department of Real Estate Defendants (each being Caucasian) intentionally devised a corrupt unconstitutional scheme of withholding the final trial court judgment from Plaintiff's administrative record in deliberate violation of the **mandatory duty** codified in 1945 through California Business & Professions Code 10177.5. (See, Docket No. 209, filed 1/14/2021, at Exhibit C, page 149, fn. 2).[1]

Since June 15, 2010, these State Defendants knowingly acted with deliberate indifference to the foreseeable permanent injuries, damages, and losses intended to be inflicted, and did inflict, on Plaintiff and his family through willfully drafting and filing a fraudulent administrative accusation forming a corrupt process. The unconstitutional and unlawful State Defendants' actions collectively resulted in a default revocation of plaintiff's broker license. Not only did the State Defendants schemed among themselves, but they also deliberately sought perjury from Stepanyan in a retaliatory manner, and fraudulently partook in repetitive real property title and mortgage fraud schemes by HSBC Bank, Chase Bank, and Pinpoint LLC, ultimately committing fraud on the court by evicting Plaintiff in July 2019 from his lawfully owned residence. Even after being personally re-served in January 2011 with the trial de novo civil judgment, the Department of Real Estate Defendants, California Attorney General, and California courts intentionally continued the invidious pattern of institutional and systemic retaliation, corruption, and discrimination in violation of the Equal Protection Clause, Due Process Clause, Supremacy Clause, Privileges and Immunities Clause, Bill of Rights, Full Faith & Credit, Title VII, and ADA Title II and Title III.

---

[1] Section 10177.5 is the only Real Estate Law statute that permits subject matter jurisdiction on the Department to discipline a licensee after a civil action but **only if a state court concluded the licensee acted by fraud, misrepresentation, or deceit**. (Emphasis added)

NOTICE AND MOTION FOR PAYMENT OF TRANSCRIPTS PER 28 U.S.C. § 753(f)

3

On November 24, 2015, Plaintiff filed for federal declaratory and injunctive relief and judgment. Despite all of Plaintiff's efforts to show the unlawful process done under color of state law since June 2010, and supported by century-old precedence declaring such invidious discrimination unconstitutional, this court refused repeatedly to grant injunctive relief under res judicata against the State Defendants. *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 921 (9th Cir. 2003); *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980).

Use of a deposition transcript is contrary to the express language in Federal Rules of Civil Procedure 32(a)(5)(A), especially so when a deposition is based on defective service and less than 14 days' notice (the State Defendants provided only a 3 days' notice via email). (Docket No. 209). Plaintiff timely objected and sought a protective order, to no avail. (Docket No. 210, 211). On February 9, 2021, rather than declaring res judicata relief, this court granted a terminating sanction. (Docket No. 214 and 216).

In his first Notice of Appeal, Plaintiff appealed this court's order granting Defendants' motion for terminating sanctions (Docket No. 225 and 225-1). On April 19, 2021, Plaintiff timely moved to set aside the dismissal per Rules 59, 60, and 62.3 (Docket No. 228) and recommit the matter for trial, but again this court denied the motion on March 9, 2022, stated as follows:

> "For the foregoing reasons, Plaintiff's motion (ECF No. 228) is hereby DENIED. This case is closed. Should Plaintiff continue to disagree with the Court's ruling, the appropriate course of action is to seek relief from the Ninth Circuit. Any future filings with this Court will be disregarded. No further orders will be issued in this closed case." (Docket No. 232)

In his second Notice of Appeal, Plaintiff sought to show that the terminating sanction affronts procedural and substantive due process, and deprived equal protection of the law. On May 31, 2022, the Ninth Circuit appellate clerk filed a Referral Order to this court on whether the appeals were frivolous or in bad faith. No response from this court was made. After Plaintiff obtained a transcript of the hearing held on 2/13/2020, the reporter transcripts for other transcripts were inadvertently absent from the record. (Docket No. 145). On June 14, 2023, after the State Defendants' motion to dismiss the appeals, the Ninth Circuit Court of Appeals ordered that Plaintiff may request the additional transcripts at the government's expense. (Exhibit A, attached). The transcripts requested and missing from the appellate record are for hearings held on **2/3/2017, 9/7/2017, and 2/21/2019**. (Exhibit B, attached).

Based on issues identified in the Plaintiff's two notices of appeal it appears that the appeals present substantial questions, i.e., the issues before the court are "reasonably debatable." *Washburn v. Fagan, supra* at *2. The request for transcripts at government expense should therefore be granted.

**CONCLUSION**

For the foregoing reasons, the Plaintiff's request to obtain transcripts at government expense is respectfully requested and should be granted.

DATED: June 26, 2023

Respectfully submitted,

By: *Daniel E. Gonzalez*
Plaintiff, in pro per

## DECLARATION OF DANIEL E. GONZALEZ

I, Daniel E. Gonzalez, declare:

1. I am the plaintiff in the above-referenced matter. If called upon to testify, I could competently testify to the truth of the matters set forth herein based upon my own personal knowledge.

2. I submit the noticed motion, memorandum, facts, and statements in compliance with the order issued by the Ninth Circuit Court of Appeals to have several reporter transcripts paid at the government's expense. Exhibit A is a copy of the Ninth Circuit Court of Appeals issued on June 14, 2023.

3. On May 16, 2019, I filed a request for the reporter transcripts of hearing held on 2/3/2017, 9/7/2017, and 2/21/2019 is attached as Exhibit B.

4. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on June 26, 2023, in the County of Alameda.

By: *Daniel E. Gonzalez*
Plaintiff, in pro per

EXHIBIT "A"

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 14 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DANIEL GONZALEZ, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> DEPARTMENT (BUREAU) OF REAL ESTATE, A California State Agency; et al., <br><br> Defendants-Appellees, <br><br> and <br><br> JPMORGAN CHASE BANK, N.A., as successor by merger to Chase Home Finance, LLC; et al., <br><br> Defendants. | No. 21-15696 <br> 22-15523 <br><br> D.C. No. 2:15-cv-02448-TLN-KJN <br> Eastern District of California, Sacramento <br><br> ORDER |

The court has received appellant's notice of noncompliance at Docket Entry No. 39 in No. 21-15696. Appellant is advised that the requested transcripts were not produced because payment was not provided to the court reporter.

Within 21 days of the filing date of this order, appellant must file in the district court a new transcript order form with the requested hearing dates and either provide payment to the court reporter or file a motion in the district court for transcripts to be produced at government expense. *See* 28 U.S.C. § 753(f); 9th Cir. R. 10-3.1(e). If the district court denies production of transcripts at government

expense, the same motion may be filed in this court.

Appellant's motion to amend the briefing schedule (Docket Entry No. 38 in No. 21-15696) is denied as unnecessary. Briefing is stayed pending resolution of the motions to appoint pro bono counsel, which will be addressed by separate order. *See* 9th Cir. R. 27-11.

FOR THE COURT:

MOLLY C. DWYER
CLERK OF COURT

EXHIBIT "B"

Case 2:15-cv-02448-TLN-KJN, Document 145, Filed 05/16/19

| CAED 435 (Rev. 04/18) | | | | FOR COURT USE ONLY |
|---|---|---|---|---|
| | **TRANSCRIPT ORDER** | | | **DUE DATE:** |

*PLEASE Read Instruction Page (attached):*

| 1. YOUR NAME<br>Daniel Gonzalez | 2. EMAIL<br>dgonzie@gmail.com | 3. PHONE NUMBER<br>916-247-6886 | 4. DATE<br>5/13/2019 | |
|---|---|---|---|---|
| 5. MAILING ADDRESS<br>7125 Calvin Drive | | 6. CITY<br>Citrus Heights | 7. STATE<br>CA | 8. ZIP CODE<br>95621 |
| 9. CASE NUMBER<br>2:15-cv-02448 TLN KJN | 10. JUDGE<br>Hon. Nunley | DATES OF PROCEEDINGS | | |
| | | 11. FROM: 2/2/2017 | 12. TO 2/21/2019 | |
| 13. CASE NAME<br>Gonzalez v DRE, et al | | LOCATION OF PROCEEDINGS | | |
| | | 14. CITY Sacramento | 15. STATE CA | |

16. ORDER FOR
- ☐ APPEAL No.
- ☐ NON-APPEAL
- ☐ CRIMINAL
- ☑ CIVIL
- ☐ CRIMINAL JUSTICE ACT
- ☑ IN FORMA PAUPERIS
- ☐ BANKRUPTCY
- ☐ OTHER *(Specify)*

17. TRANSCRIPT REQUESTED (Specify portion(s) and date(s) of proceeding(s) for which transcript is requested) *You must provide the name of the Reporter.*

| TRIAL | DATE(S) | REPORTER | HEARINGS | DATE(S) | REPORTER |
|---|---|---|---|---|---|
| ☐ ENTIRE TRIAL | | | ☑ OTHER (Specify Below) | | |
| ☐ JURY SELECTION | | | FINDINGS/RECOMMENDATIONS | 2/3/2017 | CD Number: 1 of 1 |
| ☐ OPENING STATEMENTS | | | STATUS CONFERENCE | 9/7/2017 | CD Number: ECRO |
| ☐ CLOSING ARGUMENTS | | | STATUS CONFERENCE | 2/21/2019 | CD Number: ECRO |
| ☐ JURY INSTRUCTIONS | | | | | |

18. ORDER (Grey Area for Court Reporter Use)

| CATEGORY | ORIGINAL (Includes Certified Copy to Clerk for Records of the Court) | FIRST COPY | ADDITIONAL COPIES | NO. OF PAGES ESTIMATE | COSTS |
|---|---|---|---|---|---|
| ORDINARY | ☐ | ☐ | NO. OF COPIES | | |
| 14-Day | ☑ | ☑ | NO. OF COPIES | | |
| EXPEDITED | ☐ | ☐ | NO. OF COPIES | | |
| 3-Day | ☐ | ☐ | NO. OF COPIES | | |
| DAILY | ☐ | ☐ | NO. OF COPIES | | |
| HOURLY | ☐ | ☐ | NO. OF COPIES | | |
| REALTIME | ☐ | ☐ | | | |

FILED MAY 16 2019

CERTIFICATION (19 & 20)
By signing below, I certify I will pay all charges (deposit plus additional).

| 19. SIGNATURE<br>Daniel Gonzalez | *[signature]* | ESTIMATE TOTAL | |
|---|---|---|---|
| 20. DATE<br>5/13/2019 | | PROCESSED BY | |
| | | PHONE NUMBER | |

| TRANSCRIPT TO BE PREPARED BY | | COURT ADDRESS | |
|---|---|---|---|
| ORDER RECEIVED | | | |
| DEPOSIT PAID | | DEPOSIT PAID | |
| TRANSCRIPT ORDERED | | | |
| TRANSCRIPT RECEIVED | | | |
| ORDERING PARTY NOTIFIED TO PICK UP TRANSCRIPT | | | |
| PARTY RECEIVED TRANSCRIPT | | | |

4 | Page

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2023, I electronically filed the foregoing "Notice of Compliance with the Order of June 14, 2023" with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

*Daniel Gonzalez*
DANIEL E. GONZALEZ
Pro Se